Opinion by Ekwall, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52604.**—Raphael Weill & Co. *v.* United States, protest 131783–K (San Francisco).

Opinion by Ekwall, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52605.**—Raphael Weill & Co. *v.* United States, protest 131793–K (San Francisco).

Opinion by Ekwall, J. It appeared that the goods were subject to the British purchase tax and on entry a duress certificate was filed in which the importer certified that it had entered the merchandise at a value higher than that defined in the tariff act because of advances by the appraiser in similar cases then pending on appeal for reappraisement. The collector disregarded said certificate and liquidated upon the entered value on the ground that the certificate was not signed, the signature being in typewriting. Under authority of *Clinton Smullyan Associates* v. *United States* (35 C. C. P. A. 7, C. A. D. 363) the court sustained the claim that the liquidation should have been made upon the basis of the value found by the court on appeal to reappraisement (Reap. Dec. 6478), in which it was held that the British purchase tax was no part of the entered value.

**No. 52606.**—Arthur J. Fritz & Co. *v.* United States, protest 132459–K (San Francisco).